IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Andy Steffen | : | |
| 2600 Hiawatha St. | : | |
| Columbus, Ohio 43211 | : | Civil Action No. 2:17-cv-579 |
| | : | |
| Plaintiff, | : | JUDGE |
| | : | |
| v. | : | MAGISTRATE JUDGE |
| | : | |
| Contract Sweepers & Equipment Co. | : | **Collective and Class Action Complaint** |
| 2137 Parkwood Ave. | : | |
| Columbus, Ohio 43219 | : | **Jury Demand Endorsed Hereon** |
| | : | |
| | : | |
| Defendant. | : | |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff Andy Steffen ("Steffen," "Named Plaintiff," or "Plaintiff"), individually and on behalf of other members of the general public similarly situated, for his complaint against Defendant Contract Sweepers & Equipment Co. ("CSE" or "Defendant"), for its failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03, and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). The claims under the FLSA are brought as a collective action pursuant to 29 U.S.C. § 216(b); and the claims pursuant to O.R.C. § 4111.03, 4111.08, and the OPPA are brought as a class action pursuant to Rule 23. Plaintiff also individually brings claims against Defendant for violations of O.R.C. § 4123.90 and Ohio Revised Code Chapter 4112 ("Chapter 4112"). The following allegations are based on personal knowledge as to the Named Plaintiff's own conduct

and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

**JURISDICTION AND VENUE**

1. This action is brought pursuant to the FLSA, the Ohio Acts, O.R.C. § 4123.90, Chapter 4112, and 28 U.S.C. §1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because the Named Plaintiff entered into an employment relationship with Defendant in the Southern District of Ohio, a substantial part of the events or omission giving rise to the claim occurred in the Southern District of Ohio, and Defendant has done substantial business in the Southern District of Ohio.

**I.    PARTIES**

   **A. Plaintiff**

4. Named Plaintiff Andy Steffen is an individual, United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

5. Named Plaintiff worked for Defendant beginning in July of 2016 until April 17, 2017.

6. Named Plaintiff worked as an hourly, non-exempt equipment operator for Defendant's Columbus, Ohio contract sweeping and cleaning office located at 2137 Parkwood Ave., Columbus, Ohio, 43219 (hereafter the "CSE - Columbus").

### B. Defendant

7. Defendant Contract Sweepers & Equipment Co. is a domestic for-profit corporation that operates and conducts substantial business activities in the Southern District of Ohio. CSE employs the individuals working at CSE – Columbus.

## II. FACTS

### a. Unpaid Overtime

8. During his employment with Defendant, Named Plaintiff Steffen worked as an hourly, non-exempt equipment operator for Defendant's CSE – Columbus office.

9. Named Plaintiff Steffen regularly worked more than 40 hours per week, but was not paid one and one-half times his regular rate for all of hours worked over 40 as a result of Defendant's automatic meal deduction policy.

10. At all times relevant herein, the Named Plaintiff was an employee of Defendant as defined in the FLSA, the Ohio Acts, O.R.C. § 4123.90, Chapter 4112, and Ohio Constitution Art. 2 §34a.

11. At all times relevant herein, the Named Plaintiff was an hourly, non-exempt employee of Defendant beginning on that date as defined in the FLSA, the Ohio Wage Act, and Ohio Constitution Art. 2 §34a.

12. The Named Plaintiff brings this action on his own behalf and on behalf of those similarly situated, and he has given his written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. The Named Plaintiff's consent is being filed along with the Complaint pursuant to 29 U.S.C. §216(b). (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**).

13. Defendant is and has been an "employer" as that term is defined by the FLSA, the Ohio Wage Act, and Ohio Constitution Art. 2 §34a.

14. At all times relevant to this action, Defendant has been engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendant constituted an enterprise engaged in commerce within the meaning of the FLSA.

15. Upon information and belief, Defendant's employees were engaged in interstate commerce and Defendant has annual gross volume sales and/or business in an amount not less than $500,000.00.

16. During relevant times, Defendant suffered and permitted the Named Plaintiff and those similarly situated to work more than forty (40) hours per workweek, while not compensating them for all such hours worked over forty (40) at a rate of at least one and one half times their regular rate as a result of Defendant's automatic meal deduction policy.

17. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio as well as record keeping laws of the State of Ohio.

18. During relevant times, Defendant had knowledge of and acted willfully in regards to its conduct described herein.

19. Defendant is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

**b. Workplace Injury Retaliation**

20. On or around February 23, 2017, Plaintiff was injured while working for Defendant in the performance of his job duties.

21. The next day, Plaintiff advised Defendant's Operations Manager Tony Maranto of his injury and was told by Mr. Maranto to seek treatment at OhioHealth WorkHealth Urgent Care if necessary.

22. When Plaintiff realized that he likely would not make his shift that evening due to his injury and treatment, he called Lead Scott Chaffee to discuss his injury and treatment.

23. Mr. Chaffee immediately expressed dissatisfaction with Plaintiff and stated "this is your third call off" and told Plaintiff "you will lose your bonus".

24. Plaintiff explained to Mr. Chaffee that this was his first missed shift after his re-hire and that he was only missing his shift because of a workplace injury.

25. On March 1, 2017, Plaintiff returned to light duty work for Defendant and was limited to driving Defendant's sweeper vehicles until his medical restrictions were lifted.

26. Mr. Maranto advised Supervisor Jim Lanning of Plaintiff's limitation while on light duty status due to his injury.

27. In the weeks that followed, Plaintiff's weekly work hours were significantly reduced even though his medical restrictions did not require a reduced work schedule. Plaintiff was also repeatedly subjected to negative treatment and retaliated against due to his workers' compensation claim and work restrictions.

28. On one occasion, Mr. Chaffee physically shoved Plaintiff stating that "some people work around here".

29. On another occasion while working a shift together, Lead Woody Linville asked Plaintiff to violate his work restrictions and became angry when Plaintiff initially declined.

30. Woody stated Plaintiff could not "just sit in the truck all night doctor's note or not…." and that Plaintiff was "pissing people off." Woody further told Plaintiff he could not expect his

co-workers to "do it all while you just sweep" and that "all you're doing is making people fu**ing hate you."

31. As a result of the foregoing statements and harassing behavior by Mr. Linville that shift, Plaintiff eventually complied with Mr. Linville's demand that he violate his work restrictions by performing tasks his doctor instructed him not to perform.

32. Plaintiff's injury was aggravated due to this incident, and he reported the same to Mr. Maranto, OhioHealth WorkHealth, and the Bureau of Workers' Compensation ("BWC").

33. Mr. Chaffee also questioned Plaintiff about the duration of his light duty status and accused Plaintiff of "faking it."

34. On or around April 7, 2017, Mr. Chaffee yet again harassed Plaintiff about his work restrictions and asked him when his restrictions would be lifted. When Plaintiff stated his restrictions would not be lifted for a couple more weeks, Mr. Chaffee responded "Are you fu**ing kidding me? This is bull****."

35. Mr. Chaffee additionally stated that same day that Plaintiff was "milking it". Mr. Lanning was present when Mr. Chaffee made these harassing statements to Plaintiff but took no action to address, discipline, or otherwise stop Mr. Chaffee's retaliatory behavior and comments.

36. On or around April 10, 2017, Plaintiff followed up with Mr. Maranto about moving from night shift to the day shift as they recently discussed after Plaintiff obtained his commercial driver's license ("CDL").

37. Mr. Maranto stated he could not move Plaintiff to day shift because of his workplace injury. Plaintiff indicated that his work restrictions would soon be lifted and that he was capable of working either days or nights even with his work restrictions.

38. Mr. Maranto stated that "Well I just hired two guys with their CDL and they are not injured, so I don't need you."

39. Mr. Maranto additional refused to give Plaintiff a $1.00/hour raise after he obtained his CDL because of Plaintiff's work restrictions and despite previously telling Plaintiff before his injury that he would get such a raise upon obtaining his CDL.

40. Defendant also required Plaintiff to sign a payback agreement for the costs of the CDL course even though other employees were not required to sign such an agreement, and failed to pay Plaintiff for the time spent taking the CDL test as Defendant did with other employees.

### c. Workplace Sexual Harassment / Hostile Work Environment

41. On or around March 7, 2017, Plaintiff discovered pornography on his work issued electronic tablet device that displayed immediately upon his accessing the device from the tablet's last user.[1]

42. Plaintiff informed both Mr. Lanning and Mr. Chaffee about the pornography found on his work issued tablet that same morning so they could prevent future incidents of highly inappropriate and obscene content on company electronic devices.

43. Mr. Chaffee's response to Plaintiff was "you're a big boy, deal with it."

44. Mr. Lanning later addressed the issue in a meeting stating that "surfing porn is not allowed unless it is hairy women as that is the way I like it."

45. The following day, Plaintiff discovered more pornography on his work issued tablet and again reported the obscene material to both Mr. Lanning and Mr. Chaffee.

---

[1] A company-owned tablet is assigned to Defendant's operator(s) for each route and then returned at the end of the route. Accordingly, neither Plaintiff nor other operators had a specific tablet they exclusively possessed for their routes as the devices were instead shared among the various operators as assigned by Defendant.

46. Consistent with their initial response, Mr. Lanning and Mr. Chaffee again dismissed Plaintiff's concerns. Mr. Lanning and Mr. Chaffee did not indicate they would conduct an investigation into the matter or take any action to prevent similar future incidents.

47. Despite reporting these incidents to his superiors, Plaintiff continued to find pornography displayed on his work issued tablet on numerous other occasions.

48. Defendant had knowledge of the obscene pornography Plaintiff was repeatedly exposed to against his will and failed to take appropriate action to restrict such content, investigate the matter, or to discipline the responsible parties.

### III.    CLASS ALLEGATIONS

49. The Named Plaintiff brings his FLSA claim pursuant to 29 U.S.C. §216(b) as a representative action on behalf of himself and all other Similarly Situated Persons ("SSPs") of the opt-in class, consisting of:

> All current and former hourly, non-exempt equipment operators of Defendant working at the CSE-Columbus office who during the previous three years worked over forty hours in any workweek but were not properly compensated for all of their overtime hours worked under the FLSA because of Defendant's automatic meal deduction policy (the "216(b) Class" or the "216(b) Class Members").

50. The Named Plaintiff and putative 216(b) Class Members were subject to the same policy whereby Defendant automatically deducted 0.5 hours from their compensable hours on their shifts for a meal break when Defendant knew or should have known that the employees continued to perform substantial duties for their employer's benefit during those meal breaks. The Named Plaintiff and putative 216(b) Class Members were unable to take meal breaks and/or had their meal breaks interrupted by their duties.

51. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, compensation withheld in violation of the FLSA, liquidated damages and attorneys' fees under the FLSA. In addition to the Named Plaintiff, numerous putative 216(b) Class Members have been denied proper overtime compensation due to Defendant's automatic meal deduction policy for equipment operators at the CSE-Columbus office. The Named Plaintiff is representative of those other similarly situated employees and is acting on behalf of their interests as well as his own in bringing this action.

52. The identity of the putative 216(b) Class Members are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

53. The Named Plaintiff brings his Ohio Minimum Fair Wage Standards Act ("MFWSA") claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of himself and all other members of the following class:

> All current and former hourly, non-exempt equipment operators of Defendant working at the CSE-Columbus office who during the previous three years worked over forty hours in any workweek but were not properly compensated for all of their overtime hours worked under the FLSA because of Defendant's automatic meal deduction policy (the "Rule 23 Class" or the "Rule 23 Class Members").

54. The Rule 23 Class includes all individuals employed as equipment operators at Defendant's CSE-Columbus office.

55. The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

56. The Named Plaintiff is a member of the Rule 23 Class and his claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

57. The Named Plaintiff will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

58. The Named Plaintiff has no interests that are antagonistic to or in conflict with those interests of the Rule 23 Class that he has undertaken to represent.

59. The Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

60. Questions of law and fact are common to the Rule 23 Class.

61. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to their non-exempt employees.

62. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendant acted or refused to act on grounds generally applicable to the Rule 23 Class, making appropriate declaratory and injunctive relief with respect to the Named Plaintiff and the Rule 23 Class as a whole.

63. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

64. Questions of law and fact that are common to the Rule 23 Class include, but are not limited to: (a) whether Defendant violated the MFWSA by failing to pay the Rule 23 Class for hours worked in excess of forty hours per week; (b) whether Defendant kept accurate records of the amount of time the Rule 23 Class was working each day; (c) whether Defendant calculated the Rule 23 Class's overtime rate of pay as required by the statute; (d) whether Defendant's violations of the MFWSA were knowing and willful; (e) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to the Named Plaintiff and other members of the Rule 23 Class on account of Defendant's violations of the MFWSA; and (f) what amount of prejudgment interest is due to Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

65. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. The Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**IV.  CAUSES OF ACTION**

**FIRST CAUSE OF ACTION:**
**FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME**

66. All of the preceding paragraphs are realleged as if fully rewritten herein.

67. This claim is brought as part of a collective action by the Named Plaintiff on behalf of himself and the 216(b) Class.

68. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

69. During the three years preceding the filing of this Complaint, Defendant employed the Named Plaintiff and the 216(b) Class Members.

70. The Named Plaintiff and the 216(b) Class Members were paid on an hourly basis when working in non-exempt positions.

71. The Named Plaintiff and the 216(b) Class Members regularly worked in excess of 40 hours in workweeks.

72. Defendant violated the FLSA with respect to Named Plaintiff and the 216(b) Class by, *inter alia*, failing to compensate them at time-and-one-half times their regular rates for hours worked over forty (40) hours in a workweek as a result of Defendant's automatic meal deduction policy.

73. The Named Plaintiff and the 216(b) Class Members were not exempt from receiving FLSA overtime benefits.

74. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the 216(b) Class Members are entitled.

75. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay the Named Plaintiff and the 216(b) Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

76. As a direct and proximate result of Defendant's conduct, the Named Plaintiff and the 216(b) Class Members have suffered and continue to suffer damages. The Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of himself and the 216(b) Class Members.

## SECOND CAUSE OF ACTION:
## R.C. 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME

77. All of the preceding paragraphs are realleged as if fully rewritten herein.

78. This claim is brought under Ohio Law.

79. The Named Plaintiff and the Rule 23 Class Members have been jointly employed by Defendant, and Defendant is an employer covered by the overtime requirements under Ohio Law.

80. Ohio Law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

81. The Named Plaintiff and the Rule 23 Class Members worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but were not paid overtime wages for this time spent working.

82. Defendant's policy of automatically deducting a 0.5-hour meal break from the Named Plaintiff and Rule 23 Class Members' compensable hours at the CSE-Columbus office when the employees did not receive a meal break, had an interrupted meal break, or had a shortened meal break resulted in unpaid overtime.

83. The Named Plaintiff and the Rule 23 Class were not exempt from the wage protections of Ohio Law.

84. Defendant's repeated and knowing failures to pay overtime wages to the Named Plaintiff were violations of R.C. §4111.03, and as such, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Rule 23 Class Members are entitled.

85. For Defendant's violations of R.C. §4111.03, by which the Named Plaintiff and the Rule 23 Class Members have suffered and continue to suffer damages. The Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of himself and the Rule 23 Class Members.

## THIRD CAUSE OF ACTION:
## R.C. 4113.15 — RULE 23 CLASS ACTION FOR OPPA VIOLATION

86. All of the preceding paragraphs are realleged as if fully rewritten herein.

87. The Named Plaintiff and the Rule 23 Class Members were employed by Defendant.

88. During all relevant times, Defendant was an entity covered by the OPPA and the Named Plaintiff and the Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

89. The OPPA requires Defendant to pay Named Plaintiff and the Rule 23 Class Members all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

90. During relevant times, Named Plaintiff and the Rule 23 Class Members were not paid all wages, including overtime wages at one and one-half times their regular rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

91. The Named Plaintiff and the Rule 23 Class Members unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

92. In violating the OPPA, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## FOURTH CAUSE OF ACTION:
## RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT

93. All of the preceding paragraphs are realleged as if fully rewritten herein.

94. The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08. *See also*, 29 C.F.R. §§ 516.2 *et seq*.

95. During times material to this complaint, Defendant was a covered employer, and required to comply with the Ohio Wage Act's mandates.

96. Named Plaintiff and the Rule 23 Class Members were covered employees entitled to the protection of the Ohio Wage Act.

97. During times material to this complaint, Defendant violated the Ohio Wage Act with respect to Named Plaintiff and the Rule 23 Class Members by failing to properly maintain accurate records of all hours Named Plaintiff and the Rule 23 Class Members worked each workday and within each workweek.

98. In violating the Ohio Wage Act, Defendant acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## FIFTH CAUSE OF ACTION
## WORKERS' COMPENSATION RETALIATION – R.C. 4123.90

99. Plaintiff restates the allegations contained in the preceding paragraphs as if fully rewritten herein.

100. Plaintiff was injured and/or suffered an occupational injury during the course of his employment with Defendant.

101. After his workplace injury, Plaintiff sought medical attention and filed, instituted, or pursued a claim under the workers' compensation act.

102. Defendant then reduced Plaintiff's weekly work hours and repeatedly retaliated against him due to his workers' compensation claim and work restrictions in violation of O.R.C. 4123.90.

103. Less than two (2) months after Plaintiff filed for workers' compensation benefits, Defendant discharged Plaintiff in violation of O.R.C. § 4123.90.

104. Within the ninety (90) days following Plaintiff's discharge, Defendant received written notice from Plaintiff that Defendant's conduct violated O.R.C. § 4123.90.

105. As a result of Defendant's violations of O.R.C. 4123.90, Plaintiff is entitled to all relief afforded under O.R.C. 4123.90, including but not limited to lost wages, reasonable attorneys' fees, and costs.

## SIXTH CAUSE OF ACTION
## OHIO REVISED CODE § 4112, *et seq.* – SEXUAL HARASSMENT HOSTILE WORK ENVIRONMENT

106. All of the preceding paragraphs are realleged as if fully rewritten herein.

107. Ohio Revised Code §4112.99 provides, "[w]hoever violates this chapter is subject to a civil action for damages, injunctive relief, or any other appropriate relief." This chapter, i.e. R.C. §4112, *et seq.*, includes prohibitions against employment discrimination in Ohio,

including sexual harassment discrimination. This statute also provides for the granting of compensatory and punitive damages for its violations.

108. At all times relevant, Plaintiff was subjected to numerous acts of sexual harassment described in detail in the above paragraphs.

109. As a direct and proximate result of Defendant's actions and inactions enumerated above, Plaintiff has lost certain fringe benefits, including but not limited to, lost wages and income, loss of benefits, had the acts and failures to act complained of herein never occurred, in a dollar amount as allowed by law and as will be fixed by the jury and be proven at trial.

110. Defendant has willfully and/or intentionally and/or with callous and reckless indifference, violated Plaintiff's rights under Ohio law prohibiting sexual harassment, so as to entitle him to an award of punitive damages in addition to compensatory or any other damages to be awarded, in an amount to be proven at trial.

V. PRAYER FOR RELIEF

**WHEREFORE**, as to **Count I** Named Plaintiff and other members of the §216(b) Class pray for declaratory relief and damages as follows:

(A) A declaratory judgment that Defendant's wage and hour policy and practice alleged herein violate the FLSA;

(B) An Order certifying the proposed §216(b) Class;

(C) Judgment against Defendant for damages for all unpaid overtime compensation owed to Named Plaintiff and the §216(b) Class during the applicable statutory period under the FLSA 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516, *et seq.;*

(D) Judgment against Defendant for liquidated damages pursuant to the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and all other similarly situated employees during the applicable statutory period;

(E) An Order directing Defendant to pay reasonable attorneys' fees and all costs connected with this action;

(F) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

(G) Judgment for any and all civil penalties to which Plaintiffs and all other similarly situated employees may be entitled; and

(H) Such other and further relief as to this Court may deem necessary, just or proper.

**WHEREFORE**, as to **Counts II, III, and IV**, Named Plaintiff and other members of the Rule 23 Class pray for declaratory relief and damages as follows:

(I) A declaratory judgment that Defendant's wage and hour policy and practice alleged herein violate the Ohio Wage Act with respect to the non-payment of overtime and violations of the OPPA;

(J) An order for injunctive relief ordering Defendant to end all of the illegal wage policy and practice alleged herein pursuant to the Ohio Wage Act and the OPPA, and requiring Defendant to follow such laws going forward;

(K) An Order certifying the proposed Rule 23 Class under the Ohio Wage Act and the OPPA;

(L) Finding that the Rule 23 Class is entitled to prove his hours worked and damages with reasonable estimates;

(M) Judgment against Defendant for damages for all unpaid overtime compensation owed to Named Plaintiff and the Rule 23 Class during the applicable statutory period under the Ohio Wage Act;

(N) Judgment against Defendant for liquidated damages pursuant to the OPPA in an amount equal to six percent (6%) of all unpaid overtime compensation owed to Named Plaintiff and the Rule 23 Class during the applicable statutory period;

(O) An Order directing Defendant to pay reasonable attorneys' fees and all costs connected with this action;

(P) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

(Q) Judgment for any and all civil penalties to which Plaintiff and all other similarly situated employees may be entitled; and

(R) Such other and further relief as to this Court may deem necessary, just or proper.

**WHEREFORE**, as to **Counts V** through **VI**, Named Plaintiff Marek, Jr. prays that this Court enter judgment against TTD as follows:

(S) Lost wages and additional damages to be determined at trial, including but not limited to statutory damages, compensatory damages, punitive damages, pre-judgment interest, post-judgment interest, costs, attorneys' fees, and all other relief the Court deems just and appropriate.

Respectfully submitted,

/s/ *Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Coffman Legal, LLC
1457 S. High St.
Columbus, Ohio 43207
Phone: 614-949-1181

        Fax: 614-386-9964
        Email: mcoffman@mcoffmanlegal.com

        /s/  *Peter A. Contreras*
        Peter A. Contreras (0087530)
        CONTRERAS LAW, LLC
        PO Box 215
        Amlin, Ohio 43002
        Phone: 614-787-4878
        Fax: 614-923-7369
        Email: peter.contreras@contrerasfirm.com

        *Attorneys for Named Plaintiff*

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

        /s/  *Matthew J.P. Coffman*
        Matthew J.P. Coffman