**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Steffen, *et al.* for himself and others similarly situated | : : : | |
| Plaintiffs, | : : | Civil Action No. 2:17-cv-579 |
| v. | : : : | JUDGE GEORGE C. SMITH |
| Contract Sweepers & Equipment Co., | : : | MAGISTRATE JUDGE JOLSON |
| Defendant. | : | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY BRIEFING ON PLAINTIFF'S PRE-DISCOERY MOTION FOR CONDITIONAL CLASS CERTIFICATION PENDING DEFENDANT'S DEPOSITON OF THE NAMED PLAINTIFF**

## I. INTRODUCTION

On September 20, 2017, Defendant filed its Motion to Stay Briefing on Plaintiff's Pre-Discovery Motion for Conditional Class Certification Pending Defendant's Deposition of the Named Plaintiff ("Motion to Stay"). (See Doc. #11). Defendant makes various arguments in the Motion to Stay, including: Defendant should have the opportunity to take Plaintiff's deposition because: (i) it "will save both litigants to this action, as well as this Court, considerable time and expense by allowing a more informed briefing on conditional certification;" (ii) it is in the interests of judicial economy; and (iii) Plaintiff "should not be permitted to prejudice [Defendant] and preclude a fair defense to the class allegations by filing a premature motion for conditional class certification."

Defendant's proffered justifications to stay briefing are untrue, flawed, and do not support the Court granting the relief requested in the Motion to Stay. Contrary to its representations, Defendant has requested the Court to unnecessarily delay briefing for its own self-serving purposes, including to: (1) raise arguments that a "modest plus" burden applies when courts

universally agree that a "fairly lenient" standard applies to pre-discovery motions for conditional certification, like Plaintiff's motion filed in this matter; and (2) keep the clock running on the putative class members' claims to reduce its exposure since they will not have an opportunity to join the lawsuit until after they receive notice of the lawsuit following conditional certification. Defendant's motives are obvious and do not support staying the litigation. Instead, Defendant's motives are in direct contradiction to the purposes of the FLSA. The Motion to Stay must be denied.

## II.    FACTS

On July 3, 2017, Plaintiff filed this lawsuit alleging violations of the Fair Labor Standards Act, the Ohio Minimum Fair Wage Standards Act, and the Ohio Prompt Pay Act. (See Doc. #1). The violations were related to Defendant's improper use of an automatic meal break deduction policy resulting in unpaid overtime wages ("Automatic Deduction Policy"). In the complaint, Plaintiff narrowly defines the potential class as:

> All current and former hourly, non-exempt equipment operators of Defendant working at the CSE-Columbus office who during the previous three years worked over forty hours in any workweek but were not properly compensated for all of their overtime hours worked under the FLSA because of Defendant's automatic meal deduction policy.

*Id.* at ¶49.

Thereafter, Plaintiff filed his **Pre-Discovery** Motion for Conditional Class Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs Pursuant to 29 U.S.C. §216(b) ("Pre-Discovery Motion for Conditional Certification") on September 13, 2017 requesting that the Court conditionally certify a class of the same individuals identified in the Complaint. (See Doc. #9, PAGEID 59). On September 20, 2017, Defendant's counsel served Plaintiff with a Notice of Deposition without conferring with his counsel and also filed its Motion to Stay. (See Doc. #11).

Pre-certification discovery is unnecessary, unwarranted, and improper during the pendency of Plaintiff's **Pre-Discovery** Motion for Conditional Certification. None of the cases cited in Defendant's Motion to Stay stand for the precedent that it is proper to stay briefing on a pending motion for conditional certification so that a party may conduct one-sided discovery in a relatively small collective action like the one before the Court.

### III. LAW & ARGUMENT

**A. Defendant should not have the opportunity to conduct discovery during the pendency of Plaintiff's Pre-Discovery Motion for Conditional Certification. Its position is unsupported by facts or law.**

Defendant has taken poetic license with its citations that purportedly support its argument to stay this case so that it may conduct discovery and extend its deadline to respond to Plaintiff's **Pre-Discovery** Motion for Conditional Certification pending before this Court.

**i. Defendant's cases are inapposite. None stand for the proposition that Defendant should be able to pause the litigation to conduct discovery during the pendency of a Pre-Discovery Motion for Conditional Certification.**

The cases Defendant has cited in the Motion to Stay for its proposition that it should be permitted to take discovery during the pendency of Plaintiff's **Pre-Discovery** Motion for Conditional Certification are inapposite.

As the primary support for Defendant's position, it relies most heavily on a district court case from Kansas. See Doc. 11, PAGEID 93-94 citing *Green v. Harbor Freight Tools USA, Inc.*, No. 09-2380- JAR, 2010 WL 686263, at *2 (D. Kan. Feb. 23, 2010). The fact that Defendant is primarily relying upon a district court case from Kansas aside, nowhere within the Order is any language providing that it is appropriate for courts to pause briefing and to order any discovery whatsoever in situations like Defendant asserts. A true and accurate copy of the *Green* case is attached as **Exhibit A**. A proper review of the *Green* case shows that it is a case where the

3

plaintiffs filed a motion for a protective order and to quash deposition notices to four opt-in plaintiffs until (and unless) the court granted conditional certification. *Green*, 2010 WL 686263 at *1. Notably, the *Green* plaintiffs had not even moved for conditional certification[1] even though the case had been pending for seven months at the time the Order was entered. *Id.* Clearly the issues in *Green* related to the scope of pre-certification discovery where there is not a **pre-discovery** motion for conditional certification already pending before the Court are inapplicable here. Defendant's citation to the *Green* decision in support of its Motion is therefore misplaced.

The remainder of the cases Defendant cites are equally unpersuasive or inapposite. They can be broken down as follows: (1) a case from this district where the **plaintiff voluntarily conducted pre-certification discovery *prior* to moving for conditional certification**;[2] (2) a district court case from North Carolina wherein the Court was considering a case schedule and no motion for conditional certification was pending;[3] (3) a district court case from Kansas that referenced discovery occurring prior to any certification motions were filed and discussing Rule 23 class actions;[4] (4) a district court case from Idaho where the Court fully considered the parties' positions **after they fully briefed conditional certification for a nationwide class** before ordering that discovery was proper in that case;[5] (5) a district court case from Pennsylvania seeking conditional certification of a **nationwide class of over 12,000 class members allowed minimal discovery** prior to the filing of the plaintiffs' motion for conditional certification wherein the court notes that "although it need not have done so, this court allowed minimal discovery;"[6] and (6) two district court cases from California in which the plaintiffs

---

[1] The Court notes that Plaintiff's deadline for filing the motion for conditional certification was March 15, 2010.
[2] *Neff v. U.S. Express, Inc.*, 2013 WL 1131070 at *2 (S.D. Ohio March 18, 2013) (Abel, J.).
[3] *Carver v. Velocity Express Corp.*, No. 1:07cv407, 2008 WL 1766629 (W.D.N.C. Apr. 14, 2008).
[4] *Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631 (D.Kan 2012).
[5] *Fenn v. Hewlett-Packard Co.*, No. 1:11-cv-00244-BLW, 2011 WL 6150642 at *1-3 (D.Idaho, Dec. 12, 2011).
[6] *Postiglione v. Crossmark, Inc.*, No. 11-960, 2012 WL 5829793 at *5 (E.D. Penn., Nov. 15, 2012).

sought substantial discovery prior to moving for conditional certification of a large collective action.[7]

A complete reading of each of the cases that Defendant disingenuously represents as supporting its position indicates that none actually stand for the proposition that a court is required to or should allow discovery during the pendency of a motion for conditional certification in a small collective action like this case. *Postiglione*, a district court case out Pennsylvania, is the closest case to the circumstances before the Court, but that case dealt with potential certification of a class of over 12,000 putative class members in "different divisions with varying duties, territories, and supervisors." *Postiglione v. Crossmark, Inc.*, 2012 WL 5829793 at *1. Even *Postiglione* notes that courts are not required to provide even minimal discovery, but it did so in a case that would involve over 12,000 putative class members. *Id.* at 1-4. Unlike *Postiglione*, in the instant action Plaintiff has properly sought to conditionally certify a much narrower class of employees as the putative class only potentially covers individuals employed as equipment operators at Defendant's Columbus office. Plaintiff estimates that the putative class members may total 75 or less equipment operators.

Consequently, none of Defendant's cases should be construed as instructive or precedent that the Court should permit Defendant to pause the briefing on a pre-discovery motion in order to conduct discovery. The cases simply do not support staying briefing on an already pending **pre-discovery** motion for conditional certification.

### B. When faced with identical circumstances as this case, a Tennessee District Court denied the defendant's request to conduct discovery.

Although Defendant's Motion to Stay is devoid of any supporting case law, another district court in the Sixth Circuit has already ruled against Defendant's position in identical

---

[7] *Lewis v. Wells Fargo &Co.*, 669 F.Supp. 1124, 1127-1128 (N.D. Cal. 2009); *Velasquez v. HSBC Finance Corp.*, 266 F.R.D. 424, 426-428 (N.D.Cal. 2010).

circumstances. *Brasfield v. Source Broadband Services, LLC*, 2008 WL 2697261 (W.D. Tenn. June 3, 2008).[8] In *Brasfield*, the defendants filed a motion for an extension of time to respond to the pending motion for conditional certification and a motion to stay the deadline to respond to the motion for conditional certification pending initial discovery. *Id.* at *1. The district court denied the defendant's motion holding that "**the leniency of Plaintiffs' burden at this first procedural stage renders even initial discovery unnecessary**." (emphasis added) *Id.* at 2. Unlike any of the cases Defendant has cited, the *Brasfield* case is nearly identical to the circumstances in this case, including the procedural history, the motions filed, and the relief sought.

The *Brasfield* court correctly recognized that it would be improper to permit an employer to conduct discovery during the pendency of a motion for conditional certification because of the "fairly lenient" standard at the first, notice stage. *Id.; See also Lemmon v. Harry & David Operations, Inc.*, 2016 WL 234854 at *2 (S.D. Ohio January 20, 2016) (Smith, J). Furthermore, at this first stage, "the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Brasfield*, 2008 WL 2697261 at *2*; See also Hughes v. Gulf Interstate Field Services, Inc.*, 2015 WL 4112312 at *2 (S.D. Ohio 2015) (Sargus, J). This standard is "fairly lenient . . . [and] typically results in conditional certification." *Lewis v. Huntington Nat. Bank*, 789 F. Supp. 2d 863, 868 (S.D. Ohio 2011) (Marbley, J) citing *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006).

As the *Brasfield* court held, this Court should similarly deny Defendant's Motion to Stay seeking the same relief because initial discovery is unwarranted, especially where a pre-discovery motion for conditional certification is already pending.

---

[8] A true and accurate copy of the *Brasfield* case is attached as **Exhibit B**.

### C. The real reasons Defendant wants to conduct discovery is to argue a higher burden for conditional certification and to reduce its potential liability to the detriment of the putative class members by delaying conditional certification.

Plaintiff filed his **Pre-Discovery** Motion for Conditional Certification before any discovery was conducted by either party. Plaintiff's burden at this initial stage — **before conducting any discovery** — is "fairly lenient, requiring only a modest factual showing that the plaintiff is similarly situated to the other putative class members."  *Murton v. Measurecomp, LLC,* No. 07 Civ. 3127, 2008 WL 5725631, at *2 (N.D. Ohio June 9, 2008); *Lewis v. Huntington Nat. Bank*, 789 F. Supp. 2d 863, 867 (S.D. Ohio 2011); *Lemmon v. Harry & David Operations, Inc.*, 2016 WL 234854 at *2 (S.D. Ohio January 20, 2016) (Smith, J); *Waggoner v. U.S. Bancorp*, 110 F.Supp.3d 759, 764-765 (N.D. Ohio 2015); *Comer v. Wal–Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir.2006); *In re HCR ManorCare, Inc.,* No. 113866, 2011 WL 7461073, at *1 (6th Cir. Sept.28, 2011); and *Heibel v. U.S. Bank Nat'l Ass'n,* No. 2:11–CV–00593, 2012 WL 4463771, at *2 (S.D. Ohio Sept.27, 2012).  This "fairly lenient" standard "typically results in conditional certification." *Lewis*, 789 F. Supp. 2d at 868 (S.D. Ohio 2011) (Marbley, J) citing *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006).

Surely if Defendant was now permitted to conduct its discovery at this early stage, it would also undoubtedly then ask this Court to apply the "modest plus" standard applied by courts following pre-certification discovery. See *Waggoner*, 110 F.Supp.3d at 766; *Creely v. HCR ManorCare, Inc.*, 789 F. Supp. 2d 819, 826–827 (N.D. Ohio 2011); *See also Anderson v. McCarthy, Burges & Wolff, Inc.*, No. 14 Civ. 617, 2015 WL 224936, at *3 (N.D. Ohio Jan. 15, 2015) (applying "modest plus" standard); *Cox v. Entm't U.S.A. of Cleveland*, Inc., No. 13 Civ. 2656, 2014 WL 4302535, at *1-2 (N.D. Ohio Aug. 29, 2014) (same); *Jungkunz v. Schaeffer's Inv. Research, Inc.*, 2014 WL 1302553, at *6-7 (S.D. Ohio Mar. 31, 2014) (same); *Neff v. U.S. Xpress, Inc.,* No. 10 Civ. 948, 2013 WL 4479078, at *3 (S.D. Ohio Aug. 20, 2013) (same);

7

*Jimenez v. Lakeside Pic-N-Pac, L.L.C.*, No. 1:06-CV-456, 2007 WL 4454295 at *2 (W.D. Mich. Dec. 14, 2007); *Olivo v. GMAC Mortg. Corp.*, 374 F. Supp. 2d 545, 548 (E.D. Mich. 2004).

As set forth in the argument in section (A)(i) above, Defendant only cited one case from this district to support its proposition that it should be able to conduct discovery while a motion is pending, but that case is inapposite because it involves circumstances where the plaintiff voluntarily sought discovery prior to moving for conditional certification. *Neff v. U.S. Express, Inc.*, 2013 WL 1131070 at *2 (S.D. Ohio March 18, 2013) (Abel, J.). Nevertheless, the *Neff* case illustrates Defendant's true, self-serving purpose. After the plaintiff conducted some discovery, the *Neff* plaintiff moved for conditional certification. *Id.* at *4. As a result, Judge Abel applied the "modest plus" standard established in *Creely* during his analysis in determining whether to grant conditional certification. *Id.* at *5.

Courts have applied a higher burden to motions for conditional certification filed after pre-certification discovery has been conducted for a reason. It is counterintuitive that a court would allow a defendant the benefit of delaying proceedings to conduct discovery in order to argue that a higher burden applies to an already pending motion for conditional certification, which is subject to the lower standard. If this Court were to enable Defendant's counsel and other employers the relief requested to pause litigation while a motion for conditional certification subject to the lower burden is already pending, countless putative class members in this and other cases would suffer significant prejudice - all to the benefit of the FLSA-offending employers, like Defendant.

Furthermore, if Defendant and other employers received the relief requested, employers in every case would: (1) argue that the court should apply a higher burden since they have conducted pre-certification discovery even though plaintiffs regularly file their motion for conditional certification prior to discovery; (2) indefinitely delay proceedings to both reduce

their exposure because the clock is running on putative class members' claims and to make it more difficult to locate putative class members since many putative class members move; and (3) receive months to craft their response to a motion that they should only have 21 days to respond to pursuant to the local rules. The FLSA's broad remedial purposes would undoubtedly be frustrated. *See Fisher v. Michigan Bell Telephone Co.*, 665 F.Supp.2d 819, 828-29 (E.D. Mich. 2009).

This Court should not reward employers by permitting them to take discovery during the pendency of a pre-discovery motion for conditional certification so that they can then argue a higher burden applies to the detriment of Plaintiff - who was unable to benefit from pre-certification discovery - and the putative class members – who are unduly prejudiced by the unnecessary delay. Plaintiff and putative class members in this case and others will be unduly prejudiced if the Court grants the relief requested. Defendant's Motion to Stay must be denied.

> **D. The evidence Defendant seeks is improper since Plaintiff's Pre-Discovery Motion for Conditional Certification is pending and was filed without the benefit of discovery.**

As set forth in the Complaint and **Pre-Discovery** Motion for Conditional Certification, Defendant maintains a FLSA-violating policy – namely it automatically deducts a meal period from its equipment operators' compensable hours worked even though they regularly do not receive a meal break, receive an interrupted meal break, or have a shortened meal break. (Doc. #1 at ¶ 49-52; Doc. #9, PAGEID 60, 61, 67, 71; Doc. #9-2 at ¶3-11). Plaintiff's **Pre-Discovery** Motion for Conditional Certification is supported by nearly identical evidence as that which has been accepted to successfully achieve conditional certification of countless collective actions. *Ford v. Carnegie Management Services, Inc.*, No. 2:16-cv-18, 2016 WL 2729700 (S.D. Ohio May 11, 2016) (Jolson, J.); *Sisson v. OhioHealth Corp.*, 2013 WL 6049028 (S.D. Ohio 2013) (Frost, J); *Snelling v. ATC Healthcare Services, Inc.*, 2012 WL 6042839 (S.D. Ohio 2012)

(Sargus, J); *Jasper v. Home Health Connection, Inc.*, No. 2:16-cv-125 at Doc #26 (S.D. Ohio June 1, 2016) (Sargus, J).

As is his right, Plaintiff brought this matter as a collective action and filed his **Pre-Discovery** Motion for Conditional Certification to protect the rights of the putative class members since the statute of limitations under the FLSA does not stopping running unless and until they file a written consent to join this action. 29 USC §256(b).

In response, Defendant has requested the Court to stay briefing on Plaintiff's **Pre-Discovery** Motion for Conditional Certification so that it can conduct one-sided discovery which it hopes will yield arguments against conditional certification even though Plaintiff's burden is "fairly lenient" and "the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Brasfield*, 2008 WL 2697261 at *2; *See also Hughes*, 2015 WL 4112312 at *2 (S.D. Ohio 2015) (Sargus, J). The evidence Defendant hopes to gain through its proposed deposition is the same type of evidence that courts do not even consider at this early stage, which further supports denying Defendant's Motion. Defendant also seeks one-sided discovery that Plaintiff did not have the benefit of when preparing and filing his motion. Plaintiff will not have the benefit of discovery prior to completing briefing on his **Pre-Discovery** Motion for Conditional Certification.

Consequently, the Court should deny Defendant's Motion to Stay. Defendant will have more than ample time to take depositions and exchange written discovery before the second, decertification stage. Defendant's proffered reasons for staying briefing so that it may immediately conduct discovery are without merit.

### E. The Court should deny Defendant's requested inequitable relief.

In the event the Court is inclined not to follow the case law in this Circuit and afford Defendant some relief in disregard of "the leniency of Plaintiffs' burden at this first procedural

stage" which "renders even initial discovery unnecessary," then the Court should further consider the inequity of the relief requested by Defendant and deny the same on those grounds. See *Brasfield*, 2008 WL 2697261 at *1.

Defendant has already delayed these proceedings by filing its Motion when its response to the pending Pre-Discovery Motion for Conditional Certification is due to be filed October 4, 2017. Defendant requests another twenty-one (21) days to respond to Plaintiff's Motion if the Court denies its requested stay, and up to sixty (60) days if the instant Motion is granted. Defendant has requested a delay in the proceedings so that it can conduct one-sided discovery to the detriment of Plaintiff and the putative class members. Not only is the clock continuing to run on the putative class members' claims during the unnecessary delay caused by Defendant filing the Motion to Stay as noted in section (C) above, but Defendant also proposes that only it will be permitted to conduct unnecessary discovery so that it can present evidence that Plaintiff did not have the benefit of when he filed his **Pre-Discovery** Motion for Conditional Certification.

Therefore, not only is Defendant asking the Court to grant it relief for which it has no authority, but it is asking for permission to conduct one-sided discovery. Plaintiff's position remains consistent with the case law in this Circuit that pre-certification discovery is unnecessary when a pre-discovery motion for conditional certification is already before the Court and allowing discovery by either or both parties results in substantial prejudice to Plaintiff and the putative class members.[9]

---

[9] However, if the Court is inclined to grant Defendant some form of relief, Plaintiff should have an equal opportunity for depositions of any individuals he deems necessary to support his motion given the discovery Defendant is requesting. This leads to further inequity because if Plaintiff were to present new, additional evidence with its reply after conducting discovery during the pendency of a pre-discovery motion for conditional certification, Defendant would likely argue to raise the burden for the motion and would undoubtedly move to file a sur-reply which would only further delay these proceedings. Defendant should not be allowed to unilaterally raise the burden of a **pre-discovery** motion for conditional certification to "modest plus" based upon discovery obtained after the motion was already pending.

Pre-certification discovery is "unnecessary" given the "leniency of [Plaintiff's] burden at this first procedural stage," but the Court should further deny Defendant the inequitable relief it requested if it is inclined to not to follow the case law from this Circuit.

### F. Permitting Defendant to delay briefing to conduct discovery for its benefit and to the detriment of the putative class members contradicts the purpose of the FLSA.

There is no class-wide tolling of the statute of limitations in FLSA cases and the statute of limitations as to the rights of the putative class members does not stopping running unless and until they file a written consent to join this action. 29 USC §256(b). As a result, it is a plaintiff's obligation to file a motion to conditionally certify a collective action at the earliest opportunity in order to swiftly provide putative class members of notice of their "opt in" rights.

When a plaintiff brings a motion for conditional certification, "[t]ime is of the essence because 'the commencement of a collective action under § 216(b) does not toll the statute of limitations period for plaintiffs who have failed to opt-in.'" *Lewis, et al. v. Huntington Nat. Bank*, 789 F. Supp. 2d 863, 867 (S.D. Ohio 2011) (J. Marbley), (quoting *Musarra et al., Digital Dish, Inc.*, 2008 WL 818692, at *2 (S.D. Ohio Mar. 24, 2008). Any effort by an employer, such as Defendant here, to delay the issuance of prompt notice frustrates the FLSA's broad remedial purposes and its specific grant of collective action rights to employees. *See Fisher v. Michigan Bell Telephone Co.*, 665 F.Supp.2d 819, 828-29 (E.D. Mich. 2009).

Defendant's actions to delay the proceedings for its self-serving purposes to: (1) argue that a higher burden applies to Plaintiff's **Pre-Discovery** Motion for Conditional Certification; and (2) reduce its exposure by keeping the clock running on the putative class members' claims, contradict the basic principles of FLSA collective actions. This Court cannot permit an employer to pause briefing and detriment the putative class members by its actions. Defendant will have

more than ample opportunity to conduct written discovery and take depositions after briefing on Plaintiff's **Pre-Discovery** Motion for Conditional Certification is complete.

## IV. CONCLUSION

Defendant has not provided any basis for the relief requested in its Motion to Stay. For the preceding reasons Plaintiff respectfully requests that this Court deny Defendant's Motion to Stay (Doc #11) and order Defendant to file its response to Plaintiff's Pre-Discovery Motion for Conditional Certification within **fifteen (15) days** as is consistent with the *Brasfield* case and given that Defendant has already nineteen (19) days as of the filing of this Response.

DATE: October 2, 2017  Respectfully submitted,

/s/ *Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Coffman Legal, LLC
1457 S. High St.
Columbus, Ohio 43207
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

/s/ *Peter A. Contreras*
Peter A. Contreras (0087530)
CONTRERAS LAW, LLC
PO Box 215
Amlin, Ohio 43002
Phone: 614-787-4878
Fax: 614-923-7369
Email: peter.contreras@contrerasfirm.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 2, 2017 a copy of the foregoing Response in Opposition was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

                                            */s/ Matthew J.P. Coffman*
                                            Matthew J.P. Coffman