**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

ANDY STEFFEN,

        **Plaintiff,**

    v.                                                    **Civil Action 2:17-cv-579
Judge George C. Smith
Magistrate Judge Jolson**

CONTRACT SWEPERS &
EQUIPMENT CO.,

        **Defendant.**

## ORDER

    This matter is before the Court on Defendant's Motion to Stay Briefing on Plaintiff's Pre-Discovery Motion for Conditional Class Certification Pending Defendant's Deposition of the Named Plaintiff. (Doc. 11). For the reasons that follow, the Motion to Stay Briefing is **DENIED**. Plaintiff's Motion to Quash Defendant's Notice of Deposition of Plaintiff Andy Steffan is also before the Court. (Doc. 14). That motion is **DENIED without prejudice**.

## I.    BACKGROUND

    Plaintiff filed his Collective and Class Action Complaint in this matter on July 3, 2017, alleging violations of the Fair Labor Standards Act of 1983 ("FLSA") 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03, and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). (Doc. 1). On September 13, 2017, Plaintiff filed a "Pre-Discovery Motion for Conditional Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs Pursuant to 29 U.S.C. § 216(b)." (Doc. 9). In response, Defendant filed the Motion to Stay Briefing that is currently pending before the Court. More

specifically, Defendant seeks a limited, sixty-day stay of the briefing on Plaintiff's Motion for

Conditional Class Certification until Defendant "has had the opportunity to take the deposition of

the named Plaintiff, Andy Steffen."    (Doc. 11 at 1).    In order to allow the undersigned sufficient

time to consider the Motion to Stay Briefing, Defendant's Opposition to the certification Motion

was temporarily stayed.    (Doc. 12).    Plaintiff filed his Response in Opposition to the stay of

briefing on October 2, 2017 (Doc. 13), and Defendant filed a Reply on October 9, 2017 (Doc. 15).

## II.    DISCUSSION

Courts in this Circuit generally follow a two-step process in FLSA collective actions:

> Traditionally, courts in the Sixth Circuit follow a two-stage certification process to determine whether a proposed group of plaintiffs is "similarly situated" for the purposes of the statute's requirements. The first, or "notice" stage, takes place at the beginning of discovery with a focus on determining whether there are plausible grounds for plaintiffs' claims. If so, plaintiffs are permitted to solicit opt-in notices, under court supervision, to potential plaintiffs such as current and former employees of defendant. The second stage occurs after "all of the opt-in forms have been received and discovery has concluded." *Comer v. Wal–Mart Stores, Inc.*, 454 F.3d 544, 546–47 (6th Cir. 2006).

*Creely v. HCR ManorCare, Inc.*, 789 F. Supp. 2d 819, 823 (N.D. Ohio 2011).    Courts have made

clear that during the first stage, the conditional certification phase, "named plaintiffs need only

make a 'modest factual showing' that they are similarly situated to proposed class members."

*Myers v. Marietta Mem'l Hosp.*, 201 F. Supp. 3d 884, 890 (S.D. Ohio 2016) (citing *Waggoner v.*

*U.S. Bancorp*, 110 F. Supp. 3d 759, 764 (N.D. Ohio 2015) (quoting *Comer*, 454 F.3d at 547).

Further, "[t]he Sixth Circuit has prescribed the first phase of the two-phase certification inquiry to

take place 'at the *beginning* of discovery.'"    *Myers*, 201 F. Supp. 3d 892–93 (quoting *Comer*, 454

F.3d at 546 (emphasis added)); *see also O'Brien*, 575 F.3d at 583 (noting that "[a]fter the initial

conditional certification of the class, the parties *entered into* discovery" (emphasis added)).

Despite this general practice, Defendant cites to several cases that have permitted limited discovery prior to conditional class certification.  (Doc. 11 at 5–6).  The undersigned recognizes that in some circumstances, limited or targeted discovery prior to conditional certification may be warranted based on the circumstances of the case.  *See Creely v. HCR ManorCare, Inc.*, 789 F. Supp. 2d 819, 823–24 (N.D. Ohio 2011) (listing cases that allowed discovery prior to conditional certification).  Ultimately, however, whether to stay briefing and allow discovery in any particular case is committed to the broad discretion of the court.  *See, e.g.*, *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014) ("District courts have broad discretion under the rules of civil procedure to manage the discovery process and control their dockets.").

Here, Defendant argues that because it seeks to take only a single deposition, there would be no undue burden and/or prejudice to Plaintiff.  (Doc. 11 at 6).  Further, Defendant claims that because Plaintiff supports his Motion for Conditional Class Certification with only his own affidavit, the single deposition will "allow a more informed briefing and ultimate decision as to whether Plaintiff is similarly situated to other putative class members."  (Doc. 15 at 6). However, allowing discovery would presumably always lead to more informed briefing in FLSA actions, yet district courts traditionally conduct a two-phase inquiry, with the first phase taking place prior to discovery.  Moreover, as previously noted, a named plaintiff need only make a "modest factual showing" that he or she is similarly situated to proposed class members during the conditional certification phase—a "fairly lenient" standard that "typically results in conditional certification of a representative class."  *Myers v. Marietta Mem'l Hosp.*, 201 F. Supp. 3d 884, 890 (S.D. Ohio 2016) (quoting *Comer*, 454 F.3d at 547).  As this Court has recognized, "[t]he rationale for applying a less rigorous evidentiary standard at this stage of the litigation is sound" because "[e]arly in a case, before discovery has commenced, many plaintiffs are not in a position to make

3

the same showing to support their allegations that they would be prepared to make at trial." *Combs v. Twins Grp., Inc.*, No. 3:16-CV-295, 2016 WL 7230854, at *3 (S.D. Ohio Dec. 14, 2016).

With this lenient standard in mind, Defendant has failed to present any unique circumstances that suggest discovery is necessary prior to the conditional-certification phase. *See Brasfield v. Source Broadband Serv., LLC*, No. 2:08-2092-JPM, 2008 WL 2697261, at *2 (W.D. Tenn. June 3, 2008) ("The leniency of Plaintiff's burden at this first procedural stage renders even initial discovery unnecessary").   Accordingly, the undersigned finds no reason to deviate from the two-stage certification process in which the first stage occurs prior to discovery.

### III.    CONCLUSION

For those reasons, Defendant's Motion to Stay Briefing on Plaintiff's Pre-Discovery Motion for Conditional Class Certification Pending Defendant's Deposition of the Named Plaintiff (Doc. 11) is **DENIED.**   Consequently, Defendant shall have fourteen (14) days from the date of this Order to file a Response to Plaintiff's Motion for Conditional Class Certification.

The Court also notes that Plaintiff filed a Motion for Protective Order and To Quash Defendant's Notice of Deposition of Plaintiff Andy Steffen.   (Doc. 14).   In that Motion, Plaintiff sought to quash a notice of deposition on October 11, 2017 (or a "mutually acceptable date").   (*See* Doc. 11, Ex. 2).   Given this Order and the procedural posture of this case, the Motion to Quash is **DENIED without prejudice**.   The parties are **DIRECTED** to meet and confer regarding when the deposition of Plaintiff should proceed.

IT IS SO ORDERED.


Date: October 18, 2017                                   /s/ Kimberly A. Jolson
                                                         KIMBERLY A. JOLSON
                                                         UNITED STATES MAGISTRATE JUDGE

4