UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANDY STEFFEN,

      Plaintiff,

  v.                                Case No. 2:17-cv-579
                                       JUDGE GEORGE C. SMITH
                                       Magistrate Judge Jolson

CONTRACT SWEEPERS &
EQUIPMENT, CO.,

      Defendant.

## OPINION AND ORDER

This matter is before the Court upon Plaintiff Andy Steffen's Motion for Conditional Certification and Court-Supervised Notice ("Steffen's Motion") (Doc. 9). The motion is fully briefed and ripe for disposition. For the following reasons, Steffen's Motion is **DENIED**.

### I. BACKGROUND

Plaintiff Andy Steffen was employed as an hourly, non-exempt equipment operator by Defendant Contract Sweepers & Equipment Co. ("CSE") for the period of July 2016 through April 17, 2017. (Doc. 1, Compl. ¶¶ 5–6). During this time, Steffen alleges that he regularly worked more than 40 hours per week, but was not paid overtime for all hours worked over 40 per week as a result of CSE's automatic meal deduction policy. (Doc. 1, Compl. ¶ 9). CSE admits that it has a policy of automatically deducting 30 minutes from each equipment operator's shift for an unpaid meal break. (Doc. 17, Mem. in Opp. at 4). Such a policy, standing alone, is not problematic from the perspective of federal or state overtime laws. However, Steffen also alleges that he and other equipment operators continued to perform substantial duties for CSE's

benefit during meal breaks, and that equipment operators were sometimes not able to take meal breaks at all and/or had their meal breaks interrupted by their duties. (Doc. 1, Compl. ¶ 50).

Steffen seeks to represent a class of other equipment operators who worked at CSE's Columbus, Ohio location in claims for unpaid overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the Ohio Minimum Fair Wage Standards Act (the "Ohio Wage Act"), R.C. § 4111.01 *et seq.*, the Ohio Prompt Payment Act ("OPPA"), R.C. § 4113.15, and recordkeeping violations of the Ohio Wage Act. Steffen also brings individual claims against CSE for workplace injury retaliation in violation of R.C. § 4123.90 and hostile work environment sexual harassment in violation of R.C. Chapter 4112.

On September 13, 2017, Steffen moved for conditional certification of his proposed collective action under the FLSA for unpaid overtime wages. (Doc. 9 at 1). Steffen further requests an order (1) requiring CSE to identify all potential opt-in plaintiffs; (2) approving Steffen's proposed opt-in notice; and (3) directing that Steffen's proposed opt-in notice be sent to potential opt-in plaintiffs via ordinary mail and e-mail. (*Id.* at 16–19). It is this motion that is presently before the Court.

## II. STANDARD FOR CONDITIONAL CERTIFICATION

Plaintiff moves for conditional certification under 29 U.S.C. § 216(b), which provides:

> Any employer who violates the [minimum wage or overtime provisions of this title] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover [this] liability . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

29 U.S.C. § 216(b). The Sixth Circuit has interpreted this provision as establishing two requirements for a representative action under the FLSA: Plaintiffs must (1) "actually be

2

'similarly situated;'" and (2) ". . . must signal in writing their affirmative consent to participate in the action." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006) (quoting 29 U.S.C. § 216(b)). "The [FLSA] does not define 'similarly situated,' and neither has [the Sixth Circuit]." *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009) *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016), *as revised* (Feb. 9, 2016).

"For FLSA collective actions, class certification typically occurs in two stages: conditional and final certification." *Frye v. Baptist Mem'l Hosp., Inc.*, 495 F. App'x 669, 671 (6th Cir. 2012). Conditional certification occurs at the beginning of the discovery process. *Comer*, 454 F.3d at 546. This "notice stage" focuses on whether there are plausible grounds for plaintiffs' claims. *Cornell v. World Wide Bus. Servs. Corp.*, No. 2:14-CV-27, 2015 WL 6662919, at *1 (S.D. Ohio Nov. 2, 2015) (Deavers, M.J.). A plaintiff need only show that "his position is similar, not identical, to the positions held by the putative class members." *Comer*, 454 F.3d at 546–47 (citing *Pritchard v. Dent Wizard Int'l*, 210 F.R.D. 591, 595 (S.D. Ohio 2002) (Sargus, J.)).

Although courts are split as to what exactly a plaintiff must show at this stage, this Court has previously held that courts should not grant conditional certification "unless the plaintiff presents some evidence to support her allegations that others are similarly situated." *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 868 (S.D. Ohio 2005) (Holschuh, J.). "The Court should consider 'whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; whether evidence of a widespread discriminatory plan was submitted, and whether as a matter of sound class management, a manageable class exists.'" *Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 868 (S.D. Ohio 2011) (Marbley, J.) (quoting *Heaps*

3

*v. Safelite Solutions, LLC*, No. 10-CV-729, 2011 WL 1325207, at *2 (S.D. Ohio Dec. 22, 2011) (Frost, J.)). "District courts use a 'fairly lenient standard' that 'typically results in conditional certification of a representative class' when determining whether plaintiffs are similarly situated during the first stage of the class certification process." *White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 877 (6th Cir. 2012) (quoting *Comer*, 454 F.3d at 547). Certification at this stage "is conditional and by no means final." *Comer*, 454 F.3d at 546.

If plausible grounds exist and conditional certification is granted, "plaintiffs are permitted to solicit opt-in notices, under court supervision, from current and former employees." *Cornell*, 2015 WL 6662919, at *1. Final certification occurs after all class plaintiffs have opted in and discovery has concluded. *Comer*, 454 F.3d at 546. "At this stage, 'trial courts examine more closely the question of whether particular members of the class are, in fact, similarly situated.'" *Rutledge v. Claypool Elec., Inc.*, No. 2:12-CV-159, 2012 WL 6593936, at *3 (S.D. Ohio Dec. 17, 2012) (King, M.J.) (quoting *Comer*, 454 F.3d at 547) (*report and recommendation adopted by* No. 2:12-CV-159, 2013 WL 435058 (S.D. Ohio Feb. 5, 2013)). At this second stage, courts employ a stricter standard to determine if class plaintiffs are "similarly situated" because courts have access to much more information on which they can rely than they did at the conditional certification stage. *Comer*, 454 F.3d at 547 (citing *Morisky v. Pub. Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 497 (D.N.J. 2000)). "Plaintiffs generally must produce 'more than just allegations and affidavits' demonstrating similarity in order to achieve final certification." *Frye*, 495 F. App'x at 671 (6th Cir. 2012) (quoting *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1261 (11th Cir. 2008). Finally, a defendant "may file a motion to decertify the class [at this stage] if appropriate to do so based on the individualized nature of the plaintiff's claims." *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 213 (S.D. Ohio 2011) (Dlott, J.).

4

### III. DISCUSSION

Steffen has moved for conditional certification of the following FLSA collective:

> All current and former hourly, non-exempt equipment operators of Defendant working at the CSE-Columbus office who during the previous three years worked over forty hours in any workweek but were not properly compensated for all of their overtime hours worked under the FLSA because of Defendant's automatic meal deduction policy.

(Doc. 9, Mot. at 1). In support of his assertion that he and other equipment operators are similarly situated, Steffen submits his own declaration stating,

- "All the hourly, non-exempt equipment operators at CSE-Columbus are subject to the same payroll policies and procedures." (Doc. 9-2, Steffen Decl. ¶ 5).

- "CSE-Columbus automatically deducted a 0.5 hour meal break from hourly, non-exempt employees' daily hours worked regardless of whether we were able to take a 0.5 hour uninterrupted meal break during my employment." (*Id.* ¶ 7).

- "Although a 0.5 hour meal break was deducted from our daily hours worked at CSE-Columbus, other hourly, non-exempt equipment operators and I were regularly not provided with an uninterrupted meal break." (*Id.* ¶ 8).

- "Rather, other hourly, non-exempt equipment operators and I were required to perform job duties and be available to perform job duties for the entire duration of our shift. Due to the automatic deductions, I was not paid for these hours worked." (*Id.* ¶ 9).

Steffen did not provide any other evidence in support of the equipment operators' similarly situated status.

With its opposition brief, CSE submitted affidavits and declarations of 24 equipment operators currently employed by CSE (out of a total of 31), each of which averred that the declarant is "not required to perform any work during [his] unpaid thirty minute lunch break" and has "received overtime payment for all hours worked over 40 in a workweek throughout [his] employment." (Doc. 17-2, Equipment Operator Affidavits). Based on these affidavits,

5

CSE argues that at best, Steffen is an "outlier" in not receiving all his overtime pay and is not similarly situated to the rest of CSE's equipment operators. (Doc. 17, Mem. in Opp. at 2).[1]

Steffen argues that the Court should disregard these affidavits of current employees solicited by their employer due to the "coercive circumstances" under which they were obtained. (Doc. 18, Reply at 16). Plaintiff also argues that consideration of competing affidavits at this early stage would impermissibly stray into merits determination. (*Id.* at 9) (quoting *Conkin v. 1-800 Flowers.com, Inc.*, Case No. 2:16-cv-675, 2017 WL 3437564 at *4 (S.D. Ohio Aug. 10, 2017) (Marbley, J.)). On this point, the Court is inclined to agree. "[F]orm affidavits gathered by an employer from its current employees are of limited evidentiary value in the FLSA context because of the potential for coercion." *Myers v. Marietta Mem'l Hosp.*, 201 F. Supp. 3d 884, 891–92 (S.D. Ohio 2016) (Marbley, J.). This is especially so at the conditional certification stage when courts "typically do not consider the merits of the plaintiff's claims, resolve factual disputes, make credibility determinations, or decide substantive issues." *Swigart*, 276 F.R.D. at 214.

However, even disregarding the affidavits submitted by CSE, Steffen has still failed to establish that he and other equipment operators are similarly situated. The only evidence Steffen submitted was his declaration, which makes a few conclusory statements about the experiences of other equipment operators. (Doc. 9-2, Steffen Aff. ¶¶ 5, 7–9). While Steffen asserts, *e.g.*, that "other hourly, non-exempt equipment operators and I were regularly not provided with any uninterrupted meal break," he does not provide any basis for this statement as it applies to other equipment operators. (*Id.* ¶ 8). This Court has previously characterized such statements as

---

[1] CSE also submitted declarations stating that, based on GPS data from Steffen's truck and statements from his co-workers, Steffen always received an uninterrupted break of at least 30 minutes per shift (at least during a portion of the class period). As this evidence relates only to Steffen and does not bear on whether other equipment operators are similarly situated, the Court need not consider it at this stage.

"speculative" and emphasized that "[t]he mere fact that these statements were made in a declaration does not make them non-speculative." *Flexter v. Action Temp. Servs., Inc.*, No. 2:15-CV-754, 2016 WL 7852351, at *4 (S.D. Ohio Mar. 25, 2016) (finding the statement "Plaintiff and other members of the FLSA Collective . . . frequently worked forty or more hours per workweek and would have received overtime compensation, or additional compensation, if these unpaid hours had been properly included in their paid time" to be speculative without further evidentiary support). And "speculative statements offered in connection with a Section 216(b) motion may not form the basis of conditional certification." *Rutledge*, 2012 WL 6593936 at *6 (citing cases).

Steffen argues that he is not required to submit declarations by other similarly situated employees, and that courts routinely grant conditional certification on the basis of only one or two declarations. Although Steffen is correct that there is no minimum number of affidavits or declarations required for conditional certification, the Court is concerned with the substance, rather than the volume, of Steffen's proffered evidence. The "one or two declaration" cases Steffen relies on are all distinguishable, because those plaintiffs provided the basis for their assertion that other employees were similarly situated. *See Sisson v. OhioHealth Corp.*, 2013 WL 6049028 (S.D. Ohio 2013) (plaintiff stated she observed other employees working while not clocked in); *Castillo v. Morales, Inc.* 302 F.R.D. 480 (S.D. Ohio 2014) (plaintiff submitted documentary evidence of improper pay practices in addition to her own declaration); *Snelling v. ATC Healthcare Servs. Inc.*, No. 2:11-CV-00983, 2012 WL 6042839, at *1 (S.D. Ohio Dec. 4, 2012) (allegations were supported by plaintiff's observations of other employees and payroll records); *Ford v. Carnegie Mgmt. Servs., Inc.*, No. 2:16-CV-18, 2016 WL 2729700, at *3 (S.D.

Ohio May 11, 2016) (plaintiff averred that she personally observed Defendant's managers reduce her time and the time of other non-exempt hourly employees).

While the standard for granting conditional certification is "fairly lenient," *White*, 699 F.3d at 877, and requires only a "modest showing," *Lewis*, 789 F. Supp. 2d at 867, the Court may not merely "rubber-stamp" any proposed collective action, even at the conditional certification stage. *Lutz v. Huntington Bancshares Inc.*, No. 2:12-CV-01091, 2013 WL 1703361, at *2 (S.D. Ohio Apr. 19, 2013) (Frost, J.).  Rather, Steffen "must present some *evidence* to support allegations that others are similarly situated." *Id.* (emphasis in original).  Here, Steffen has not provided any evidentiary support for his assertion that other equipment operators are similarly situated; he has made no more than a conclusory allegation that he and other equipment operators did not consistently receive an uninterrupted meal break.  Accordingly, Steffen has not met his burden to establish that other equipment operators are similarly situated.

## IV.   CONCLUSION

For the foregoing reasons, Steffen's Motion is **DENIED**.  The Clerk shall remove Document 9 from the Court's pending motions list.

**IT IS SO ORDERED.**

  */s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**